[No. 9378. *En Banc.* February 28, 1911.]

E. B. McGill, *Appellant,* v. F. R. Hedges *et al., as Councilmen of the City of Everett, Respondents.*[1]

Municipal Corporations — Taxation—Limitations—Charter— Statutes—Conflict. Rem. & Bal. Code, § 9281, providing that the city council shall fix the tax rate "needed to raise sufficient revenue to carry on the "municipal government for one year," does not conflict with the Everett city charter § 222, limiting the levy to eight mills on the dollar, under the rule that the two must be construed together and harmonized if possible; since the statute merely requires the fixing of the rate within the limit, and a levy in excess of eight mills is accordingly void (Fullerton, J., dissenting).

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 11, 1911, in favor of the defendants, after a trial before the court upon an agreed statement of facts, in an action to enjoin the levy and collection of a supplemental tax on real property. Reversed.

*Hathaway & Alston,* for appellant.

*Benj. W. Sherwood* and *Ralph C. Bell,* for respondents.

Mount, J.—The appellant, as a taxpayer, brought this action to enjoin the municipal authorities of the city of Everett and the county auditor and treasurer of Snohomish

[1]Reported in 113 Pac. 635.

county from levying and collecting a supplemental tax upon the property within the corporate limits of the city of Everett. The case was tried upon an agreed statement of facts. The trial court denied the relief prayed for, and issued an order directing the defendants to proceed with the levy and collection of the tax. The plaintiff has appealed from that order.

It appears from the agreed facts that the city of Everett is a city of the first class, and in the year 1907 adopted a charter which provides as follows:

"Sec. 222. The aggregate of all taxes levied for city purposes, exclusive of bond interest and sinking fund levies, shall not exceed in any one year eight mills on each dollar of valuation of taxable property. The city council shall also have power and authority, at the same time the levy or levies of taxes are made as provided in this section, to levy the taxes necessary to pay the interest accruing during the year on bonded indebtedness of the city and for the redemption of bonded indebtedness of the city."

In September, 1910, the city council of the city made an itemized estimate of the expenses of the city for the year 1911, and also an itemized estimate of the revenues for that year. Notice was given as required by law, that the city council would meet on the first Monday in October, 1910, for the purpose of making tax levies as stated in the estimates. Pursuant to this notice, the city council met and regularly passed an ordinance fixing the rate for city purposes at eight mills on each dollar of valuation of taxable property within said city. Thereafter a contingency arose by which the estimated revenues of the city were reduced in a sum exceeding $77,000. Thereafter, on December 31, 1910, a supplemental estimate was made, which showed that the levy made in October was insufficient to meet the estimated expenses of the city for the year 1911. Thereupon notice was given of a supplemental levy for city purposes, and pursuant to this notice, on January 9, 1911, the city council passed an ordinance making an additional levy of five mills

on each dollar of valuation of taxable property within the said city; thus making the total levy for city purposes thirteen mills on the dollar. Thereupon this action was begun to restrain the collection of the levy in excess of eight mills. It is clear that, if § 222 of the city charter above quoted is of any force, the order of the lower court is erroneous, because the levy made on October 8, 1910, for the year 1911, was for the limit fixed by the charter.

But it is argued by the respondents that the charter provision limiting the levy to eight mills is of no effect, because § 9281, Rem. & Bal. Code, and § 1 of chapter 138 of the Laws of 1909, page 531 (Rem. & Bal. Code, § 9208), provide that such cities shall fix a rate of taxation sufficient to raise the necessary revenue to carry on the different departments of the municipal government thereof for one year, and that the charter must yield to the statute. It may be conceded that the provisions of the charter in conflict with the statute upon the same subject must yield to the statute, but there is no conflict between the provisions of the charter and the statute upon the rate of levy in question here. Section 9281 of Rem. & Bal. Code is as follows:

"The city council of each city of the first class shall within thirty days after receiving the certificate of the county assessor, as provided in the preceding section, by ordinance in each year fix the rate of taxes to be levied and levy the taxes upon all taxable property, both real and personal, in such city, or subject to taxation therein, as shown by said roll, needed to raise sufficient revenue to carry on the different departments of the municipal government thereof for one year, which year shall be the fiscal year (to be designated in the ordinance) fixed by the charter of such city, and shall be either the current or ensuing fiscal year as required by such charter, or, in the absence of a charter requirement, as such ordinance shall provide. Any other general taxes authorized by the charter of such city to be levied with the annual tax levy may be included in such levy."

If § 1 of chapter 138, Laws of 1909, page 531 (Rem. & Bal. Code, § 9208), has any application to this case at all,

it does not change the rule of the statute above quoted. This statute does not fix the limit of the levy, nor attempt to do so. It says the city council shall fix the rate "needed to raise sufficient revenue to carry on the different departments of the municipal government thereof for one year." It is not uncommon to fix a limit of tax levy in city charters. The object of such limitation is to prevent the expenditures from becoming burdensome and to keep the necessary expenditures within that limit. When this act was passed, the legislature no doubt had in mind that there were such limitations upon expenditures in cities of the first class, and therefore fixed no limit in this provision. If another section of the statute had fixed the limit of levy at eight mills for city purposes, in the language of § 222 of the city charter of Everett, it could not be reasonably said that the provision in another section authorizing the city council to fix a rate "needed to raise sufficient revenue to carry on the different departments of the municipal government thereof for one year" was in conflict with the limit fixed at eight mills, because the two provisions must be construed together and made to harmonize if possible. That rule must be applied here, and when so applied, there is no conflict, for the statutory provision must be held to mean that the city must keep within the limit of eight mills fixed by its charter, and that the amount necessary to carry on the different departments of the city government for the year may not exceed the limit fixed. The excessive levy was, therefore, without authority of law, and void.

The judgment is reversed, and the cause remanded with directions to enter a judgment as prayed for in the complaint.

DUNBAR, C. J., PARKER, GOSE, CHADWICK, and MORRIS, JJ., concur.

FULLERTON, J., dissents.

CROW, J., took no part.